

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4086
Re: Effect of House Bill 291,
47th Legislature, Regular
Session, on Section 3, Sen-
ate Bill 397, 46th Legisla-
ture, and related questions.

Your letter of the 7th instant submits three ques-
tions for decision by this department, as follows:

"1. Does House Bill 291, Acts of the Reg-
ular Session of the Forty-seventh Legislature,
repeal Section 3 of Senate Bill 397, Acts of
the Regular Session of the Forty-sixth Legisla-
ture, in so far as the rate of compensation for
services rendered is concerned?

"2. If House Bill 291, Regular Session
of the Forty-seventh Legislature, does repeal
Section 3 of Senate Bill 397, of the Regular
Session of the Forty-sixth Legislature, then
would the Insurance Commission be authorized
to pay a senior examiner a salary greater than
the salary fixed for a senior examiner in the
General Appropriation Bill for the present bien-
nium and pay him out of fees collected under
Senate Bill 397, Acts of the Regular Session
of the Forty-sixth Legislature?

"3. Does the $4.00 per day limitation
for meals and lodging, found in the rider to
the General Appropriation Bill, apply to

senior examiners working outside the State of
Texas?"

House Bill 291, Acts Regular Session, 47th Legisla-
ture, provides:

"Section 1. The salaries of all State
officers and all State employees, except those
Constitutional State officers whose salaries
are specifically fixed by the Constitution and
other compensation of District Judges shall be,
for the period beginning September 1, 1941, and
ending August 31, 1943, in such sums or amounts
as may be provided for by the Legislature in the
general appropriation bills. It is specifically
declared to be one of the intents hereof that
the Legislature shall also fix the amount of
supplemental salaries hereafter, out of Court
fees and receipts, to be paid to the clerks and
other employees of the Court of Civil Appeals,
the Supreme Court, and the Court of Criminal
Appeals.'

"Section 2. All laws and parts of laws
fixing the salaries of all State officers and
employees, except those Constitutional State
officers whose salaries are specifically fixed
by the Constitution and except the salaries of
the District Judges and other compensation of
District Judges are hereby specifically repeal-
ed in so far as they are in conflict with this
Act. It is specifically declared to be one of
the intents hereof that any and all laws author-
izing payment of supplemental salaries from
court receipts and fees to clerks and other
employees of the courts of Civil Appeals, the
Supreme Court, and the Court of Criminal Ap-
peals are repealed in so far as they are in
conflict with this Act.

"Section 3. The facts that salaries of
many State officers and employees were fixed
by Statutes at a time when the State was in a

far more prosperous condition than it is at present and that these statutes hamper the appropriations committees of both Houses of the Legislature in adjusting the salaries of said officers and employees in their efforts to balance the State's budget create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Senate Bill No. 397, Acts Regular Session, 46th Legislature, provides in part as follows:

"In case of an examination of the company not organized under the laws of Texas, whether such examination is made by the Texas authorities alone, or jointly with the Insurance supervisory authorities of another state or states, the expenses of such an examination due to Texas participation therein, shall be borne by the company under examination. Payments of such costs shall be made by the company upon presentation of itemized written statement by the chairman, and shall consist of the examiner's remuneration and expenses, and the other expenses of the Department of Insurance properly allocable to the examination. Payment shall be made directly to the chairman, and all money collected by assessment on foreign companies for the cost of examination shall be deposited in the State Treasury by the chairman to the credit of the Insurance Examination Fund out of which shall be paid, by warrant of the State Comptroller of Public Accounts on voucher of the chairman of the Board of Insurance Commissioners, the examiner's remuneration and expenses in the amounts determined by the method hereinafter provided, when verified by their affidavit and approved by the chairman; and said money is hereby apropriated for that purpose, the balance if any, to remain in the

Insurance Examination Fund in the State Treasury subject to be expended for the purposes as are other funds placed therein. Examiner's remuneration and expenses shall be the same as that which would be paid by the home state of a company under examination to persons conducting the examination of a Texas company admitted to do business in that state. If there be no recognized charge for such service, the chairman shall fix a remuneration and expense allowance of the examiners at such reasonable figure as he may determine."

"Where the chairman of the Board shall deem it advisable he may commission the actuary in the Board, the chief examiner, or any other examiner or employee of the Department, or any other person, to conduct or assist in the examination of any company not organized under the the laws of Texas and allow them compensation as herein provided, except that they may not be otherwise compensated during the time they are assigned to such foreign company examination. Other than as thus provided, neither the actuary of the Board of Insurance Commissioners nor any examiner or assistant shall continue to serve as such if, while holding such position, he shall directly or indirectly accept from any insurance company any employment or pay or compensation or gratuity on account of any service rendered or to be rendered or any account whatsoever."

The term "salary" employs a fixed and periodical remuneration for the services rendered in the course of a regular employment. 54 Cor. Jur., pp. 1121-1122. The provisions of Senate Bill No. 397 quoted above do not fix a "salary," but provide a method by which compensation for a special service, to wit, the examination of foreign insurance companies, shall be provided. Benedict v. United States, 176 U. S. 357, 44 L. Ed. 503 (extra compensation received by District Judge for holding court outside of his district held not part of his official "salary"). United States vs. Shea (D.C.N.D.) 55 Fed. (2d) 382, 383. (Compensation received by Court Crier of $5.00 per day for each day the Court is in session held not "salary" under statute prohibiting drawing salary of two or more positions totaling more than $2,000.00 yearly.)

Honorable George H. Sheppard, page 5


        Your first question is answered in the negative,
rendering a reply to second question unnecessary.

        Your third question is answered by our opinion No.
0-1471, a copy of which is enclosed herewith.

                                        Yours very truly

                                ATTORNEY GENERAL OF TEXAS


                        By              /signed/
                                    R. W. Fairchild
                                        Assistant

RWF:mp

Encl.: Opinion No. 0-1471


APPROVED OCT. 16, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION COMMITTEE
By /s/ B. W. B.,
        Chairman